## Case No. 17,491.

### In re WHEELER et al.

[11 Chi. Leg. News, 407; 19 N. B. R. 258; 8 Reporter, 674; 4 Cin. Law Bul. 655.] [1]

Circuit Court, D. Indiana.    Sept., 1879. [2]

BANKRUPTCY—DISCHARGE—CONSENT OF CREDITORS
—WHEN LAW APPLIES.

The amendment of 1874 [18 Stat. 178], relating to the terms under which a bankrupt is entitled to his discharge, was intended to cover cases of voluntary as well as involuntary bankruptcy, and to bring within its terms the circumstances under which, as well in the one case as in the other, the bankrupt could or could not be discharged. Therefore, in any case where there are no assets equal to thirty per cent., if the bankrupt secured the assent of one-fourth of his creditors in number and one-third in value, he is entitled to his discharge, without regard to the time when the debts were incurred.

[Cited in Re Townsend, 2 Fed. 562.]

[Appeal from the district court of the United States for the district of Indiana.]

[In the matter of Edward E. Wheeler and James D. Riggs, bankrupts. An application was made for a discharge, and upon its refusal in the district court (Case No. 17,489) an appeal was taken to this court.]

Mr. Hornbrook, for petitioners.
Palmer & Iglehart, for the creditors.

DRUMMOND, Circuit Judge. The bankrupts in this case made an application to the district court to be discharged from all debts provable against them under the bankrupt act; and the discharge was refused for the reason that it was held by the district court, that under the amendment of June 22, 1874, to the bankrupt law of 1867 [14 Stat. 517], they were restricted to the assent of creditors whose claims originated after the first of January, 1869. The court held that the proviso in the 5112th section of the Revised Statutes still operated upon the amendment made in 1874, and the question in the case is, whether the act of 1874 left that proviso in full force, or whether it was repealed by the later act. If repealed then it is conceded that the bankrupts had complied with the law in force at the time of their application, and were entitled to a discharge. It is undoubtedly a question of considerable difficulty, and upon which different opinions have been entertained by judges in administering the law. It is, perhaps, unnecessary to refer to the previous legislation upon the subject. It is sufficient for our purpose to consider the section of the Revised Statutes, already referred to as modifying the law upon the subject, at the time that the amendment of 1874 was adopted. The 5112th section of the Revised Statutes was as follows: "In all proceedings in

---

[1] [8 Reporter, 674, and 4 Cin. Law Bul. 655, contain only partial reports.]
[2] [Reversing Case No. 17,489.]

bankruptcy, commenced after the first day of January, 1869, no discharge shall be granted to a debtor whose assets shall not be equal to 50 per centum of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as principal debtor, and who shall have proved their claims, is filed in the case at or before the time of the hearing of the application for discharge; but this provision shall not apply to those debts from which the bankrupt seeks a discharge which were contracted prior to the first day of January, 1869." It will be observed that this section applies to all proceedings in bankruptcy without distinction, and it operates by way of prohibition upon the court, declaring that no discharge shall be granted under certain circumstances; the assets must be equal to 50 per cent. of the claims of a certain character, or the assent in writing of a majority in number and value of his creditors, under the terms there named, must be filed; and then there is a declaration or proviso that this shall not apply to those debts from which the bankrupt seeks a discharge, which were contracted prior to the first day of January, 1869.

The 9th section of the amendment of the act of June 22, 1874. is as follows: "That in cases of compulsory or involuntary bankruptcy, the provisions of said act, and any amendment thereof, or of any supplement thereto, requiring the payment of any proportion of the debts of the bankrupt, or the assent of any portion of his creditors, as a condition of his discharge from his debts, shall not apply; but he may, if otherwise entitled thereto, be discharged by the court in the same manner, and with the same effect as if he had paid such percentage of his debts, or as if the required proportion of his creditors had assented thereto; and in cases of voluntary bankruptcy, no· discharge shall be granted to a debtor whose assets shall not be equal to 30 per cent. of the claims proved against his estate, upon which he shall be liable as principal debtor, without the assent of at least one-fourth of his creditors in number and one-third in value, and the provision in section 33 of said act of March 2nd, 1867, requiring 50 per centum of such assets, is hereby repealed." It will be observed that this section, as to cases of voluntary bankruptcy, is like the section in the Revised Statutes, which has been referred to and operates by way of prohibition, stating that no discharge shall be granted to the debtor under certain circumstances; and, whereas, by the section of the Revised Statutes the assets were required to be equal to 50 per cent., in this amendment it is only necessary that they should be 30 per cent.; and as by the section in the Revised Statutes the assent

of a majority of the number and value of creditors was required, in this amendment the assent of one-fourth in number, and one-third in value was declared to be sufficient, and as to cases of involuntary bankruptcy, the amendment declares that the payment of any proportion of the debts, or the assent of any portion of the creditors was unnecessary.

It is a circumstance which should not be overlooked in the consideration of this question, that the last clause of the 9th section of the act of 22d of July, 1874, expressly repeals a provision in section 33 of the act of March 2, 1867, requiring 50 per centum of the assets, and it seems an argument of weight, that where an amendment repealed expressly, a particular provision of a previous law, and did not repeal the proviso in the section of the Revised Statutes, to which reference has been made, that it was intended by the law-maker that the latter should remain in force. But we can look to the particular phraseology of the last clause of the section of the Revised Statutes in order to determine whether or not it was the intention of congress it should remain in force, or whether on the other hand it was its purpose then to legislate fully, both as to voluntary and involuntary bankruptcy. The statement in that clause is that "this provision shall not apply" to certain debts—the provision as it was then declared to exist. Now, was it the intention of congress, after declaring in the 9th section of the act of June 22, 1874, under what circumstances parties, in cases as well of voluntary as of involuntary bankruptcy, should be discharged, that there was to be added to that part of the section which refers to the discharge of voluntary bankrupts, the last clause of the section of the Revised Statutes which has been referred·to? If so, then we should have to say there was incorporated in the amendment that language, and that congress intended to say, "This provision shall not apply to certain debts" —meaning thereby the provision contained in the amendment of 1874. It would seem, in the absence of any express declaration to that effect, that when congress had changed the law as it stood in relation to discharges in voluntary cases that if it had intended that the provision in the original law should still adhere to the law as amended, there would have been some clear declaration or intimation of that purpose. Undoubtedly it was not necessary in terms to repeal that part of the previous act or the amendment requiring 50 per cent. of the assets; because the first part of the 9th section having legislated upon the cases of involuntary bankruptcy, as to that the general repeal in the 21st section of the act of June 22. 1874, would have operated upon cases of involuntary bankruptcy—but I am not prepared to admit that the mere fact there was this express repealing clause is conclusive that

congress did not by the amendment as to voluntary cases, intend to repeal the provision in the section of the Revised Statutes referred to. On the contrary, admitting that the subject is one of difficulty, it seems to me that the fair construction of the amendment of 1874 leads to the conclusion that congress intended to cover the case of voluntary as well as involuntary bankruptcy, and to bring within the terms of the amendment the circumstances under which, as well in the one case as in the other, the bankrupt could or could not be discharged. It may be admitted that a repeal of a prior statute by a subsequent one, by implication merely, is not encouraged by the courts, and it must appear from the later statute, where the repeal is claimed to exist by implication, that it was clearly the intention of the lawmaker not to leave the prior statute in force. But when we look at the whole scope of the amendment of 1874, and apply the language of the 9th section to the case now before the court, it seems to me that it was the intention of congress to declare by that section, that in any case of bankruptcy where there were no assets equal to 30 per cent., that if the bankrupt secured the assent of one-fourth of his creditors in number, and one-third in value, as there stated, that he was entitled to a discharge irrespective of the time when the debts were incurred; and, therefore, I hold, contrary to the opinion of the district court, that the 9th section of the act of June 22, 1874, necessarily repealed the proviso to the 5112th section of the Revised Statutes, and that in this case, on the facts as conceded, the bankrupts are entitled to their discharge, and it will be so ordered and certified to the district court. Perhaps I should add that in considering this question, I have fully examined the various cases which have been cited by the counsel of the respective parties.